BAECHTOLD et al. v. CLASON.

(Supreme Court, Appellate Division, Second Department. March 7, 1899.)

ACTION ON CHECK—DEFENSES.

In an action by an assignee of a check to recover against the drawer, it was immaterial whether plaintiff received a check knowing that it was given in payment of certain machinery, where the defense that the machinery was defective, to plaintiff's knowledge, when he took the check, was not sustained by the evidence.

Appeal from trial term, Kings county.

Action by Christian Baechtold and Steven Parker, composing the firm of Baechtold & Parker Electric Company, against Augustus Clason. From a judgment in favor of plaintiffs, and from an order denying a new trial, defendant appeals. Affirmed.

Argued before GOODRICH, P. J., and CULLEN, BARTLETT, HATCH, and WOODWARD, JJ.

Abram J. Rose (Alfred C. Pette, on the brief), for appellant.
Rufus O. Catlin, for respondents.

WILLARD BARTLETT, J. This is an action on a check for $350, drawn by the defendant to the order of Robert B. Corbett, and in-

dorsed and delivered by the payee to the plaintiffs in payment for an electrical equipment consisting of a dynamo and other apparatus furnished by Corbett to the defendant under a written contract between them. The defendant stopped payment of the check on the ground that he had discovered that the dynamo did not fulfill the conditions of the contract; and the defense made upon the trial was twofold: (1) That Corbett had failed to carry out his contract, and (2) that the plaintiffs took the check with full knowledge of that fact. The evidence in respect to the sufficiency of the dynamo was conflicting. According to the contract, the dynamo was to be of 15 kilowatt power. After the proof was all in on both sides, the learned trial judge directed the jury to find a special verdict, and submitted to them two questions to answer: (1) Did R. B. Corbett furnish to the defendant a dynamo of full 15 kilowatt, as required by his contract? (2) Did the defendant give a check to Corbett after he discovered, or had a reasonable opportunity to discover, that the dynamo was not full 15 kilowatt, as required by the contract? The jury answered "Yes" to both questions, and the court thereupon directed a general verdict in favor of the plaintiffs for the full mount claimed.

No objection or exception was taken by counsel for the appellant to the action of the court either in directing the jury to pass specially upon the two questions submitted or in subsequently directing the general verdict. The finding to the effect that the dynamo furnished was in accordance with the requirement of the contract was fatal to the whole defense. If the dynamo was what Corbett undertook to furnish, then it mattered not whether the plaintiffs did or did not take the check with knowledge of all that had happened between Corbett and the defendant. The only exceptions to the admission of evidence which are pressed upon our attention relate to certain testimony given by Corbett as to conversations between him and one of the plaintiffs in the absence of the defendant. These conversations related to the operation of the dynamo, and, as the court repeatedly stated, were received only as bearing upon the question of the good faith of the plaintiffs in taking the check. We are unable to see why they were not admissible for this purpose; but whether they were or not is of no consequence, and has no bearing upon the right of the plaintiffs to recover, in view of the determination that the dynamo furnished was the dynamo called for by the defendant's contract. The judgment and order should be affirmed.

Judgment and order affirmed, with costs. All concur.